IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tanjanika S. Shivers, | Civil Action No. 2:10-3236-RMG-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Scientific Research Corporation, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 5], requesting that the plaintiff's entire case be dismissed.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

In her Complaint, the plaintiff alleges that she was "a black employee," (Compl. ¶11), and that she experienced discrimination while employed by the defendant, *id.* ¶12. She claims that "[w]hite employees received preferential treatment." *Id.*  The plaintiff generally avers that she experienced "inappropriate behavior" during her employment. *Id.* ¶13.  The plaintiff claims to have reported "discrimination, preferential treatment, and inappropriate behavior to her supervisor" and that the defendant retaliated in response. *Id.*

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

As an initial matter, the plaintiff has voluntarily withdrawn (Pl. Resp. at 2) any purported claims pursuant to the Pregnancy Discrimination Act, 42 U.S.C. § 2000e *et.*

*seq*. and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, which the defendant contests as inadequately pled.

Concerning other causes of action in the Complaint, the Court would agree that they are generally of the sort which do not satisfy the pleading demands of Federal Rule of Civil Procedure 8, as more specifically and recently imagined in *Iqbal*, 129 S. Ct. at 1949. The United States Supreme Court explained, there, that "[t]hreadbare recitals of ***the elements of a cause of action***, supported by mere conclusory statements, do not suffice" to plead a claim. *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-1950 (emphasis added and quotation marks omitted); *see also Walker v. Prince George's County, MD*, 575 F.3d 426, 431 (2009).

The plaintiff's averments are mostly of this kind. Repeatedly tracking the language of the relevant statutes, and the cases which interpret them, the plaintiff in the most general terms avers that she is within the necessary and protected class; she was performing her work adequately; that others outside the protected class were shown preferential treatment; that, while she complained about such conduct, she was ignored; and that the defendant's behavior amounted to harassment, discrimination, and retaliation. (See, e.g., Compl. ¶¶ 11-15, 18-27.) The Complaint is not many words more, or less, than simply a recitation of the elements of the respective causes pled. The plaintiff uses phrases like "inappropriate behavior" and "preferential treatment," which are, in the case of the latter, a legal conclusion and, in the case of the former,

factually indiscrete. It is not an overstatement to say that the Complaint does not include any specific incident, describing precise acts or language or conduct or circumstances of the defendant. Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. While it is true that no discovery has been had, the plaintiff certainly has a version of the story to tell, which, within the demands of Federal Rule of Civil Procedure 11, her attorney should be able to make more clear at this juncture.

The Court would not recommend dismissal. The plaintiff should simply amend to be more definite, in accordance with the strictures of Rule 8. *See* Fed. R. Civ. P. 8. The plaintiff has requested as much, in lieu of dismissal. (Pl. Resp. at 3.) The Court would caution that even the additional texture provided in the plaintiff's response is likely insufficient. A complaint is not proper if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 129 S. Ct. at 1949. Guided by Rule 11, the plaintiff should be as plain about her allegations concerning the defendant's conduct as possible.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to dismiss [Doc. 5], be DENIED and the plaintiff given fifteen (15) days leave to amend her Complaint.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe  Hendricks
                                                United States Magistrate Judge

May 20, 2011
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).