IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK CHARLESTON, SC

2011 JUN -8 A 11: 58

| | | |
|---|---|---|
| Tanjanika S. Shivers, | ) | Civil Action No. 2:10-cv-3236-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Scientific Research Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. The Magistrate Judge has made a report and recommendation that Defendant's motion to dismiss be denied and that Plaintiff be given 15 days to amend her complaint. The Plaintiff did not file an objection to the Magistrate Judge's report and recommendation and, instead, filed an amended complaint. (Dkt. Entry 14). After a review for errors of law, this Court adopts the recommendation of the Magistrate Judge.

### Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific

1

objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff has voluntarily withdrawn any purported claims pursuant to the Pregnancy Discrimination Act, 42 U.S.C. § 2000e et. seq. and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. As to the remaining causes of action in the Complaint, at present those claims do not satisfy the pleading demands of Federal Rule of Civil Procedure 8, as more specifically and recently imagined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The United States Supreme Court explained, there, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-1950 (emphasis added and quotation marks omitted); *see also Walker v. Prince George's County, MD*, 575 F.3d 426, 431 (4th Cir. 2009).

Plaintiff's allegations in her original complaint merely track the language of the relevant statutes, and the cases which interpret them, the plaintiff in the most general terms avers that she is within the necessary and protected class; she was performing her work adequately; that others outside the protected class were shown preferential treatment; that, while she complained about such conduct, she was ignored; and that the defendant's behavior amounted to harassment, discrimination, and retaliation. (*See, e.g.*,

2

Compl. ¶¶ 11-15, 18-27.) The Complaint thus results in a simple recitation of the elements of the respective causes pled. The Complaint does not include any specific incident, describing precise acts or language or conduct or circumstances of the defendant. Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* While it is true that no discovery has been had, the plaintiff certainly has a version of the story to tell, which, within the demands of Federal Rule of Civil Procedure 11, her attorney should be able to make more clear at this juncture.

Thus, instead of outright dismissal, this Court will permit the Plaintiff to amend her Complaint to be more definite, in accordance with Rule 8. *See* Fed. R. Civ. P. 8. The plaintiff has requested this chance short of dismissal. (Dkt. No.8, Pl. Resp. at p. 3.)

## Conclusion

Based on the above, the Defendant's motion to dismiss is denied and Plaintiff is given 15 days to amend her Complaint in accordance with Rule 8 and as governed by *Iqbal*. Plaintiff's recently filed amended complaint is deemed in compliance with the requirement to file an amended complaint. Any alleged pleading deficiencies in this amended complaint should be addressed by a new and separate motion.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 8, 2011
Charleston, South Carolina

3